■ DAWN L. PLASS et al., Appellants, v TOWN OF POUGHKEEPSIE, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Ingrassia, J.), dated May 9, 1983, which denied their motion for leave to serve a late notice of claim, and granted defendant's cross motion to dismiss the

action, and (2) an order of the same court dated July 20, 1983, which denied their motion for reargument. ¶ Appeal from the order dated July 20, 1983 dismissed. No appeal lies from an order denying reargument. ¶ Order dated May 9, 1983 reversed, motion granted and cross motion denied. ¶ Plaintiffs are awarded one bill of costs. ¶ Plaintiff Dawn L. Plass was allegedly injured on January 28, 1982 when a truck owned by the defendant, the Town of Poughkeepsie, hit her vehicle after skidding on ice. She consulted an attorney in December, 1982 at which point she learned for the first time that she had to serve a notice of claim to pursue her cause of action against the defendant. In January, 1983 the plaintiffs commenced this action and moved for leave to serve a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. ¶ Special Term denied the plaintiffs' motion, and granted the defendant's cross motion to dismiss the action, solely on the basis that the plaintiffs had failed to offer any excuse, other than their ignorance of the law, for the failure to serve a timely notice of claim. Special Term abused its discretion by focusing solely on this factor as a basis for denying leave to serve a late notice of claim. The defendant and its insurer received actual notice of the essential facts constituting the claim within a short time after the accident, from either its employee or an accident report prepared by the New York State Police Department or both, as evidenced by the fact that the defendant's insurer sought to settle any potential claim for property damage to the plaintiffs' vehicle within 90 days after the accident. A medical authorization form was also sent out by the insurer within that time period. Furthermore, the nature of the female plaintiff's alleged injury, the aggravation of a sciatic nerve problem, can be investigated in essentially the same manner as it would have been had a timely notice of claim been served. Accordingly, it was an abuse of discretion to deny the motion to serve a late notice of claim (*Matter of Lucas v City of New York,* 91 AD2d 637; *Hubbard v County of Suffolk,* 65 AD2d 567). Titone, J. P., Mangano, Thompson and Brown, JJ., concur.