*449 OPINION OF THE COURT
Harold J. Hughes, J.
The application of the claimant for an order permitting the late service of the notice of claim annexed to the order to show cause will be granted, without costs.
According to the verified notice of claim, on August 1, 1986, while at the defendant’s premises located at 711 Central Avenue, Albany, New York, claimant sat in a chair which collapsed, causing him to sustain personal injuries. The defendant was given immediate notice of the occurrence, and claimant signed a written accident report and claim addressed to the defendant on the date of the incident. Thereafter, claimant was contacted by the defendant’s insurance company and negotiations ensued. Claimant’s counsel was retained on November 19, 1986, and this application was made on September 17, 1987.
Defendant contends that there is no authority granted under section 514 of the Racing, Pari-Mutuel Wagering and Breeding Law which gives the Supreme Court jurisdiction to extend the time to serve a notice of claim beyond the 30-day period. Defense counsel is in error. Section 50-e of the General Municipal Law gives the court general discretion to extend the time to serve a notice of claim and it applies "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law” (General Municipal Law § 50-e [1] [a]). The General Construction Law defines a public corporation as a public benefit corporation (General Construction Law § 66 [1]). Section 502 of the Racing, Pari-Mutuel Wagering and Breeding Law defines a regional off-track betting corporation as a public benefit corporation. Consequently, section 50-e of the General Municipal Law applies to this case.
Turning to the merits, one of the essential considerations is whether the defendant and its insurance carrier had actual notice of the essential facts within a reasonable time (Matter of Matey v Bethlehem, Cent. School Dist., 89 Misc 2d 390, affd 63 AD2d 807). Here, there was such actual notice. Moreover, the ongoing discussion with the defendant’s insurer could have contributed to the delay in making this application. In view of the actual notice the court is inclined to exercise its discretion and permit the late service of the notice of claim.