■ BRIAN O'LOUGHLIN, Appellant, v PATROLMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., et al., Respondents.—Order of the Supreme Court, Bronx County (Barry Salman, J.), entered August 20, 1990 which, *inter alia,* granted defendants' motion to dismiss this defamation action for failure to state a cause of action (CPLR 3211 [a] [7]), unanimously affirmed, without costs.

This dispute arises out of a letter written by defendant Phil Caruso, president of defendant Patrolmen's Benevolent Association (PBA), which was reproduced in the PBA's official publication, New York's Finest magazine. The letter concerns a $20 contribution which was deducted from PBA members' paychecks and which was donated by the organization to help build a memorial for police officers killed in the line of duty. Plaintiff suggested that the money would be better spent on bullet-proof vests and other equipment "to improve the safety of cops" and "to prevent the death of our police officers" and asked that his contribution be applied to such an endeavor or promptly returned to him. In his letter, Caruso ignored plaintiff's suggestions, asserting that plaintiff and eight other officers who requested refunds of this contribution "have no feelings" and "are a disgrace" to the police force. Plaintiff brought this action alleging that Caruso's remarks are false and defamatory. Defendants successfully moved for dismissal of the complaint on the ground that it fails to state a cause of action.

The standard to be applied on such a motion is stated in *Silsdorf v Levine* (59 NY2d 8, 12, *cert denied* 464 US 831): "If, upon any reasonable view of the stated facts, plaintiff would be entitled to recovery for defamation, the complaint must be deemed to sufficiently state a cause of action" (citing *219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509). An allegedly defamatory statement is not actionable if it is an expression of pure opinion, no matter how vituperative or unreasonable it may be *(Steinhilber v Alphonse,* 68 NY2d 283, 289). The distinction between fact and opinion is made "on the basis of what the average person hearing or reading the

communication would take it to mean" *(Parks v Steinbrenner,* 131 AD2d 60, 63), and four factors are considered in making this assessment: (1) whether the specific language employed is precise or vague and ambiguous, (2) whether the statement may be objectively characterized as either true or false, (3) the context in which the statement appears and (4) the broader social setting surrounding the communication, including a custom or convention which might serve to indicate that it is an expression of opinion and not fact *(Steinhilber v Alphonse, supra,* at 292, citing *Ollman v Evans,* 750 F2d 970, 983 [DC Cir], *cert denied* 471 US 1127).

The statements complained of, while unfortunate, insensitive and vituperative, are clearly an expression of opinion. Caruso's assertions that plaintiff has "no feelings" for fallen police officers and that he is a "disgrace to the entire police service" are indefinite and ambiguous and cannot be characterized as true or false; "no feelings" and "disgrace" are vague designations which cannot be assigned a precise meaning. An examination of the context of the New York's Finest letter and a consideration of the readership of that magazine indicate that Caruso set out to inform the members of a fraternal police group of his negative opinion of 9 named officers for their lack of support for a project which the 20,000-member organization deems a worthy cause.

That plaintiff had expressed other uses for the money, designed to improve the welfare and safety of police officers, does not render Caruso's statement "false". Nor is Caruso's statement actionable " 'mixed opinion' ", *viz.,* one which conveys "the impression that it sets forth the facts upon which it is based, but those underlying facts are either falsely misrepresented or grossly distorted" *(Chalpin v Amordian Press,* 128 AD2d 81, 85). Caruso's derogatory comments are confined to the officers' unwillingness to participate in the PBA contribution effort. We therefore conclude that the average person reading the PBA's magazine would consider defendant Caruso's comments to be an expression of his personal opinion which, however unfair or intemperate, is not actionable under a claim of defamation. Concur—Rosenberger, J. P., Kupferman, Smith and Rubin, JJ.