■ VIRGINIA SALVAGGIO et al., Appellants, v WESTERN REGIONAL OFF-TRACK BETTING CORPORATION, Respondent. [612 NYS2d 94] —Order unanimously reversed on the law and in the exercise of discretion with costs and application granted upon condition that the proposed notice of claim is served upon defendant within 20 days of service of a copy of the order of this Court with notice of entry. Memorandum: General Municipal Law § 50-e (1) (a) states that the provisions of section 50-e apply "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law". Moreover, the legislative intent in enacting section 50-e was to provide a single uniform procedure governing the filing of notices of claim against all public corporations *(see, Adkins v City of New York,* 43 NY2d 346, 350; *Guillan v Triborough Bridge & Tunnel Auth.,* 202 AD2d 472; *Buduson v Curtis,* 285 App Div 517). Given the clear and unequivocal language of General Municipal Law § 50-e (1) (a), we hold that subdivision (5) of that section, which authorizes a court to permit the late filing of a notice of claim, applies to a tort claim asserted against Western Regional Off-Track Betting Corporation, a public corporation as defined by section 66 of the General Construction Law *(see, Burke v Capital Dist. Regional Off-Track Betting Corp.,* 137 Misc 2d 448; *cf., Broadmeadow Lanes v Catskill Regional Off-Track Betting Corp.,* 151 AD2d 631, *lv denied* 75 NY2d 707). Thus, Supreme Court erred in concluding that section 50-e of the General Municipal Law did not apply to claims against defendant. Although Supreme Court did not consider whether the application should be granted, in the interest of judicial economy, we consider the merits of this application. Defendant had notice of the essential facts constituting the claim and commenced an investigation at the scene of the accident. Defendant does not assert that it would be prejudiced by the delay in filing a notice of claim. Although the movants have not demonstrated a strong excuse for their delay in filing, the presence or absence of any one of the

numerous relevant factors the court must consider is not determinative *(see, Barnes v County of Onondaga,* 103 AD2d 624, 630, *affd* 65 NY2d 664; *Rechenberger v Nassau County Med. Ctr.,* 112 AD2d 150). Under those circumstances, we exercise our discretion to grant the application upon condition that the proposed notice of claim is served upon defendant within 20 days of service of a copy of the order of this Court with notice of entry. (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—Late Notice of Claim.) Present— Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.