■ WETZEL SERVICES CORPORATION, Respondent, v TOWN OF AMHERST et al., Appellants. [616 NYS2d 832] —Order unanimously affirmed with costs. Memorandum: Supreme Court did not abuse its discretion in granting plaintiff's application for leave to serve a late notice of claim *(see,* General Municipal Law § 50-e [5]). The court is vested with broad discretion to grant or deny the application *(see, Matter of Rotoli v Town of Gaines,* 184 AD2d 1085; *Downey v Macedon Ctr. Volunteer Fire Dept.,* 179 AD2d 999; *Barnes v County of Onondaga,* 103 AD2d 624, 629, *affd* 65 NY2d 664; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, 426, *affd* 51 NY2d 957).

Plaintiff applied for permission to serve a notice of claim within the one year and 90-day limitation period *(see,* General Municipal Law § 50-i), albeit on the last day possible. Although plaintiff in its motion papers offered no excuse for failing to file a notice of claim within the statutory 90-day period (General Municipal Law § 50-e [1]; *see, Baehre v County of Erie,* 94 AD2d 943), it made a persuasive showing that defendant Town "acquired actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]) because one of its police officers was involved in the accident and the police promptly investigated the accident and prepared a written report. Moreover, defendants have made no particularized or persuasive showing that the delay caused them substantial prejudice *(see, Matter of Rotoli v Town of Gaines, supra,* at 1086; *Downey v Macedon Ctr. Volunteer Fire Dept., supra,* at 1000). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Notice of Claim.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.