■ ELLEN WALSH, Appellant-Respondent, v COVENANT HOUSE et al., Respondents-Appellants. [664 NYS2d 282] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered June 19, 1996, dismissing plaintiff's claim under the New York City Human Rights Law for punitive damages (Administrative Code of City of NY § 8-502) unanimously reversed, on the law and the facts, without costs, and the claim reinstated. Order, same court and Justice, entered on or about May 22, 1996, which, insofar as appealable, denied defendants' motion to dismiss the complaint as time-barred and for failure to state a cause of action, unanimously modified, on the law and the facts, to grant the motion as to defendant International Covenant House, and otherwise affirmed, without costs. Appeal from so much of the aforesaid order as granted defendants' motion to dismiss the claim for punitive damages, unanimously dismissed, without costs, as superseded by the appeal from the aforesaid judgment.

Plaintiff's allegations that the individual defendant made both physical and verbal sexual advances toward her that were unwelcome and repelled, that she was told her job evaluation was tied to her willingness to accept the advances and that she was forced to resign because the corporate defendant did not provide a vehicle of redress state a viable cause of action for both hostile environment and *quid pro quo* sexual harassment under the Human Rights Law (Executive Law § 296 [1] [a]), which follows Federal standards under 42 USC § 2000e *et seq.* for sex discrimination claims (*Olszewski v Bloomberg L.P.*, 1997 US Dist LEXIS 9654, *15, n 3 [SD NY, July 7, 1997, Patterson, J.]; *see, Carrero v New York City Hous. Auth.*, 890 F2d 569, 578; *Bridges v Eastman Kodak Co.*, 822 F Supp 1020, 1027-1028). These same allegations, accepted as true, also show discriminatory conduct within the limitations period sufficiently similar to the alleged conduct without the limitations period to justify the conclusion that both were part of a single discriminatory practice, and that plaintiff's claim is therefore timely in its entirety under the continuing violation doctrine (*see, McKenney v New York City Off-Track Betting Corp.*, 903 F Supp 619, 622, citing *Cornwell v Robinson*, 23 F3d 694).

Plaintiffs' factual allegations, which are incorporated by reference in her claim for punitive damages under the New York City Human Rights Law (Administrative Code § 8-502), are adequate to state a claim therefor, and, accordingly, we reinstate such claim. The State and City Human Rights Laws apply the same Federal standards for determining *quid pro quo* and hostile environment sexual harassment claims, and differ only in that the City law allows for the recovery of punitive damages (*see, Bracker v Cohen*, 204 AD2d 115). Moreover, defendants expressly waived the issue of plaintiff's failure to plead compliance with the City law's requirement that notice be filed with the Office of the Corporation Counsel and the City Commission on Human Rights prior to commencement of the action (Administrative Code § 8-502 [c]). We note, however, that plaintiff, if she has not already done so, should serve such notice on both entities within 30 days or risk future dismissal of her cause of action for punitive damages (*see, Kim v Dial Serv. Intl.*, 1997 US Dist LEXIS 66, *19-22 [SD NY, Aug. 11, 1997, Cote, J.]).

Finally, the motion court should have dismissed International Covenant House as a party, defendant Covenant House having submitted sufficient proof that such an entity does not and never has existed, and that Covenant House has never been a "d/b/a" for another entity, and we modify accordingly.

Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.