■ Anthony Nacinovich, Respondent, v Tullet & Tokyo Forex, Inc., et al., Appellants. [685 NYS2d 17] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered May 21, 1998, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing plaintiff's causes of action for defamation, discrimination based on hostile work environment, retaliatory discharge, and his claim for punitive damages, unanimously modified, on the law, to the extent of dismissing the second, fourth and seventh causes of action for defamation based on plaintiff's exhibits 3, 5 and 8, and dismiss-

ing the eighth and ninth cause of action insofar as they seek recovery for discrimination based on sexual orientation under Executive Law § 296, and otherwise affirmed, without costs.

Plaintiff's causes of action for discrimination based on sexual orientation is viable under the City Human Rights Law (Administrative Code of City of NY § 8-107), which prohibits such discrimination, but is not viable under the State Human Rights Law, which does not prohibit such discrimination (see, Tester v City of New York, 1997 US Dist LEXIS 1937, * 23-24 [SD NY, Feb. 25, 1997, McKenna, J.]). Plaintiff's claims for discrimination based on ethnic origin are viable under both statutes, and were properly sustained in view of the evidence of persistent verbal abuse.

As a matter of law, the ethnic epithet and the disparaging references to plaintiff's hair in the cartoons identified as plaintiff's exhibits 3, 5 and 8, while vulgar and reprehensible, are not susceptible of a defamatory meaning (see, O'Loughlin v Patrolmen's Benevolent Assn., 178 AD2d 117; Weiner v Doubleday & Co., 142 AD2d 100, 104-105, affd on other grounds 74 NY2d 586, cert denied 495 US 930). However, the cartoons depicting plaintiff as a homosexual, or implying such, are defamatory per se (see, Dally v Orange County Publs., 117 AD2d 577, 578), and are not protected merely because they appear in the form of parody or caricature (see, Triggs v Sun Print. & Publ. Assn., 179 NY 144, 155; Frank v National Broadcasting Co., 119 AD2d 252). Plaintiff's claim for punitive damages in connection with his causes of action under the City Human Rights Law (see, Walsh v Covenant House, 244 AD2d 214), and for defamation (see, Prozeralik v Capital Cities Communications, 82 NY2d 466, 480), are viable. We have considered defendants' other arguments and find them unpersuasive. Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.