■ GEORGE POTANOVIC, JR., Appellant, v COUNTY OF ROCKLAND, Respondent. [700 NYS2d 195] —In an action, *inter alia,* to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated September 22, 1998, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

General Municipal Law § 50-e requires a plaintiff to file a notice of claim in a tort action within 90 days after the claim accrues as a condition precedent to the commencement of an action against a municipality or a public corporation (*see, Bluitt v Ridge Fire Dist.,* 230 AD2d 814; *Bartnicki v Centereach Fire Dept.,* 222 AD2d 637). For purposes of General Municipal Law § 50-e and 50-i requiring as a condition precedent to commencement of an action that a notice of claim be filed within a specified period of time, CPLR 214-c (3) provides that an action for injury to property caused by the latent effects of exposure to any substance or combination of substances is "deemed to have accrued on the date of discovery of the injury * * * or on the date when through reasonable diligence the injury should have been discovered, whichever is earlier" (*see also, Matter of Seekings v Jamestown Pub. School Sys.,* 224 AD2d 942).

In the case at bar, the cause of action to recover damages for

the alleged contamination of the plaintiff's well water accrued, at the very latest, in mid-September 1994, when the plaintiff received a letter from the defendant informing him that his water contained levels of sodium and lead exceeding those prescribed by New York State Drinking Water Standards (*see, Matter of DES Litig.,* 89 NY2d 506). Under these circumstances, the filing of the notice of claim on January 9, 1995, approximately four months after the plaintiff's cause of action accrued, was untimely. Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and, accordingly, properly denied the plaintiff's cross motion.

The plaintiff's remaining contentions are without merit. Mangano, P. J., Ritter, Goldstein and H. Miller, JJ., concur.