■ LISA B. SIER, Respondent-Appellant, v JACOBS PERSINGER & PARKER et al., Appellants-Respondents, et al., Defendant. LISA B. SIER, Appellant, v JACOBS PERSINGER & PARKER et al., Respondents, et al., Defendant. [714 NYS2d 283] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered February 7, 2000, after a nonjury trial, which, in this workplace gender discrimination action, entitled plaintiff to recover from defendants, jointly and severally, the principal sum of $250,000 upon her claim for emotional distress, and punitive damages in the principal sum of $50,000 from Scott M. Shepard individually, and which brings up for review an order, same court and Justice, entered on or about December 22, 1999, finding, upon the trial evidence, that plaintiff established her claim of a hostile work environment but not her claim of retaliatory termination, and directing entry of judgment for plaintiff in the above-recited amounts, unanimously modified, on the facts, to reduce the award for emotional distress to $200,000, and otherwise affirmed, without costs. Cross appeals from the aforesaid December 22, 1999 order and plaintiff's appeals from the orders of the Supreme Court, New York County (Paula Omansky, J.), entered June 30, 1999 and October 20, 1999, respectively, unanimously dismissed, without costs.

As the trial court found, plaintiff's testimony that individual defendant Shepard, while a 39-year-old partner in defendant law firm, made unwanted verbal and physical sexual advances toward her when she was a 24-year-old first-year associate at the firm, and remarked, after she was terminated, that she should not worry about her situation because "[y]ou'll take care of me and I'll take care of you", clearly established a hostile work environment (*see, Harris v Forklift Sys.*, 510 US 17; *Espaillat v Breli Originals*, 227 AD2d 266). This last comment also demonstrated discriminatory conduct within the limitations period sufficiently similar to the conduct without the limitations period to justify the conclusion that both were part of a single discriminatory practice (*see, Walsh v Covenant*

*House*, 244 AD2d 214). Moreover, contrary to defendants' contention, plaintiff was sufficiently diligent in asserting her rights under the circumstances, since she promptly reported her complaint of sexual harassment to a partner in defendant firm, which, we note, had no written or oral policy concerning the reporting of sexual harassment claims (*see, Berry v Board of Supervisors*, 715 F2d 971, 979-980; *cf., Petrosky v New York State Dept. of Motor Vehicles*, 72 F Supp 2d 39). The court, then, properly determined that plaintiff's claim was timely in its entirety under the continuing violation doctrine (*see, Walsh v Covenant House, supra*; *see also, Cornwell v Robinson*, 23 F3d 694, 705-706). In addition, the law firm was properly held vicariously liable for individual defendant Shepard's harassment of the first-year associate; Shepard was a member of the firm, assigned work to plaintiff, voted for her termination and would be responsible for providing her with job references (*see*, Administrative Code of City of NY § 8-107 [13]; *Faragher v Boca Raton*, 524 US 775; *Torres v Pisano*, 116 F3d 625, 634, *cert denied* 522 US 997; *Katz v Dole*, 709 F2d 251).

While we agree that punitive damages were properly imposed against the individual defendant, we find that the amount awarded against defendants for emotional distress was excessive to the extent indicated (*see, Gleason v Callanan Indus.*, 203 AD2d 750; *Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631).

The credibility determinations of the fact-finder, in this case, the court, are entitled to great deference on appeal (*Newman Bldr. v Strober*, 193 AD2d 358) and the record supports the trial court's determination that the reasons proffered for plaintiff's termination were nonpretextual and that she would not have been treated differently had she not complained about the harassment (*compare, Broderick v Ruder*, 685 F Supp 1269). Accordingly, plaintiff's claim for retaliatory termination was properly dismissed (*see, Quinn v Green Tree Credit Corp.*, 159 F3d 759). Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.