■ ROBERT A. BAZER, Appellant, v TOWN OF WALWORTH, Respondent. [716 NYS2d 523] —Order unanimously reversed on the law without costs and application granted upon condition that the proposed notice of claim is served within 20 days of service of a copy of the order of this Court with notice of entry. Memorandum: On September 28, 1998, plaintiff, an employee of Mac Stringer Painting, was painting a highway barn owned by defendant when a strong wind upended the ladder on which plaintiff was working, causing him to fall 20 feet to the ground. As a result of the fall, plaintiff fractured his right heel and the right side of his pelvis. Employees of defendant's Highway Department did not witness the fall, but helped plaintiff to obtain medical assistance. In addition, defendant's Highway Superintendent completed an accident report stating that "employee of Mac Stringer Painting Co. hired to paint highway barns was on ladder, winds were very strong [and] * * * knocked the ladder to ground. [Plaintiff] had ankle/hip injury—911 called immediately."

Although courts are vested with broad discretion in determining whether to grant an application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) (*see, Wetzel Servs. Corp. v Town of Amherst,* 207 AD2d 965), we conclude that Supreme Court abused that discretion in denying plaintiff's application for leave to serve a late notice of claim. While "the presence or absence of any one of the numerous relevant factors the court must consider is not determinative" (*Salvaggio v Western Regional Off-Track Betting Corp.,*

203 AD2d 938, 938-939), "[o]ne of the factors that should be accorded great weight is whether [the municipality] received actual knowledge of the facts constituting the claim in a timely manner" (*Matter of Canty v. City of New York*, 273 AD2d 467; *see, Kalenda v Buffalo Mun. Hous. Auth.*, 203 AD2d 937). Here, it is undisputed that defendant's Highway Superintendent was Present at the highway barn the day of plaintiff's accident and completed a report detailing the nature and alleged cause of the incident. Thus, defendant received actual notice of the incident immediately after it occurred (*see, Matter of Bollerman v New York City School Constr. Auth.*, 247 AD2d 469, 470). Because defendant had actual knowledge of the essential facts underlying the claim, it did not suffer substantial prejudice as a result of plaintiff's delay in serving a notice of claim (*see, Matter of Canty v City of New York, supra*). (Appeal from Order of Supreme Court, Wayne County, Parenti, J.—Notice of Claim.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.