■■■■ DARREL D. LOVE et al., Appellants, v CITY OF AUBURN, Respondent. [721 NYS2d 434] —Order unanimously reversed on the law without costs and application granted. Memorandum: On May 27, 1998, plaintiffs were arrested by members of the Auburn Police Department (Police Department) and charged with various offenses. On March 22, 1999, plaintiffs were acquitted of all charges. By order to show cause dated May 19, 1999, plaintiffs sought permission to serve a late notice of claim against defendant. Although courts are vested with broad discretion in determining whether to grant leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (*see, Wetzel Servs. Corp. v Town of Amherst,* 207 AD2d 965), we conclude that Supreme Court abused its discretion in denying plaintiffs' application.

"The three key factors in determining whether leave to file a late notice of claim should be granted are whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual or constructive notice of the essential facts constituting the claim within 90 days of its accrual (*see,* General Municipal Law § 50-e [1]) or within a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense" (*Hilton v Town of Richland,* 216 AD2d 921). "[T]he presence or absence of any one of the numerous relevant factors the court must consider is not determinative" (*Salvaggio v Western Regional Off-Track Betting Corp.,* 203 AD2d 938, 938-939), and thus plaintiffs' failure to offer any excuse for failing to serve a timely notice of claim is not fatal. "One of the factors that should be accorded great weight is whether [defendant] received actual knowledge of the facts constituting the claim in a timely manner" (*Matter of Canty v City of New York,* 273 AD2d 467, 468; *see, Kalenda v Buffalo Mun. Hous. Auth.,* 203 AD2d 937; *see also, Bazer v Town of Walworth,* 277 AD2d 994).

Here, plaintiffs sufficiently established that defendant had actual or constructive notice of the essential facts constituting the claim within 90 days of its accrual (*see, e.g., Wetzel Servs.*

*Corp. v Town of Amherst, supra*; *Goodall v City of New York,* 179 AD2d 481; *McKenna v City of New York,* 154 AD2d 655, 656). Shortly after plaintiffs were arrested, 18 individuals reported the incident to the Auburn Human Rights Commission (AHRC) and two filed complaints alleging the facts constituting plaintiffs' claim. The AHRC conducted an investigation and notified the Chief of Police concerning those complaints. The Police Department was also notified by the Federal Bureau of Investigation of possible civil rights violations, resulting in an internal investigation by the Police Department. Additionally, defendant failed to substantiate its conclusory assertion that plaintiffs' delay in serving a notice of claim has prejudiced its ability to defend this action (*see, Matter of Alvarenga v Finlay,* 225 AD2d 617, 618; *see also, Matter of National Sur. Corp. v Town of Greenburgh,* 266 AD2d 550, 551; *Matter of Bollerman v New York City School Constr. Auth.,* 247 AD2d 469, 470).

Based on our determination, we do not address plaintiffs' further contention. (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Notice of Claim.) Present— Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.