■ In the Matter of LAURA HENDERSON, Appellant, v TOWN OF VAN BUREN, Respondent. [723 NYS2d 282] —Order unani-

mously reversed on the law with costs and application granted upon condition that the proposed notice of claim is served within 20 days of service of a copy of the order of this Court with notice of entry. Memorandum: On January 4, 1999, claimant, an employee of respondent, Town of Van Buren (Town), filed a complaint with the State Division of Human Rights alleging that a Town Councilperson had sexually harassed her between September 1997 and June 1998, and that the Town Supervisor retaliated against her for filing an internal complaint with the Town regarding the alleged harassment. By application filed June 17, 1999, claimant sought leave to serve a late notice of claim against respondent. Supreme Court erred in denying the application on the ground that claimant failed to offer an adequate excuse for failing to serve a timely notice of claim. In determining whether leave to serve a late notice of claim should be granted, the key factors are "whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual or constructive notice of the essential facts constituting the claim within 90 days of its accrual (*see,* General Municipal Law § 50-e [1]) or within a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense" (*Hilton v Town of Richland,* 216 AD2d 921). While the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether the Town received actual knowledge of the facts constituting the claim in a timely manner (*see, Love v City of Auburn,* 280 AD2d 982; *Bazer v Town of Walworth,* 277 AD2d 994). Here, claimant notified the Town Supervisor of the first act of alleged sexual harassment immediately after its occurrence and filed an internal complaint with the Town following the final alleged act of sexual harassment. In response to the internal complaint, the Town hired a law firm to conduct an investigation into claimant's allegations. Thus, the record establishes that the Town received actual notice of the facts constituting the claim in a timely manner (*see, Bazer v Town of Walworth, supra*), and it fails to support the conclusory assertion of the Town that it will be prejudiced by claimant's delay in serving a notice of claim (*see, Love v City of Auburn, supra; Matter of Affleck v County of Nassau,* 240 AD2d 569, 570). Claimant's "failure to offer a reasonable excuse for the delay in filing a notice of claim is not fatal where, as here, actual notice was had and there is no compelling showing of prejudice to" the Town (*Matter of Drozdzal v Rensselaer City School Dist.,* 277 AD2d 645, 646; *see, Matter of Harwood v County of Albany,* 257 AD2d 747, 748).

Contrary to respondent's contention, the court did not lack authority to grant the application on the ground that claimant's complaint was not timely filed with SDHR (*see generally,* General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950, 956-957). Claimant alleged "discriminatory conduct within the limitations period sufficiently similar to the alleged conduct without the limitations period to justify the conclusion that both were part of a single discriminatory practice, and that [claimant's] claim is therefore timely in its entirety under the continuing violation doctrine" (*Walsh v Covenant House,* 244 AD2d 214, 215; *see, Sier v Jacobs Persinger & Parker,* 276 AD2d 401; *see also, Matter of Town of Lumberland v New York State Div. of Human Rights,* 229 AD2d 631, 634; *Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights,* 225 AD2d 856, 858). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Notice of Claim.) Present—Green, J. P., Wisner, Scudder, Burns and Lawton, JJ.