■ NATIONWIDE INSURANCE COMPANY, as Subrogee of ELAINE P. SHANGRAW, Appellant, v VILLAGE OF ALEXANDRIA BAY, Respondent. [750 NYS2d 409] —Appeal from an order of Supreme Court, Jefferson County (Gilbert, J.), entered February 7, 2002, which denied plaintiff's application seeking leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the application is granted upon condition that the proposed notice of claim is served within 20 days of service of a copy of the order of this Court with notice of entry.

Memorandum: Supreme Court abused its discretion in denying plaintiff's application seeking leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Plaintiff, as subrogee of its insured, sought leave to serve the late notice of claim with respect to an incident on December 17, 2000, wherein a sewer line backed up into the home of plaintiff's insured. Plaintiff alleges that it mailed a notice of claim to defendant on April 30, 2001. On May 16, 2001, defendant's insurer denied the claim, citing the illegal sump pump installation of plaintiff's insured and the failure of plaintiff to serve a timely notice of claim. The court denied plaintiff's application on the grounds that plaintiff failed to provide any excuse for its delay in serving the notice of claim and failed to seek leave to serve a late notice of claim for a period of almost seven months.

"In determining whether leave to serve a late notice of claim should be granted, the key factors are 'whether the [plaintiff] has shown a reasonable excuse for the delay, whether the municipality had actual [knowledge] of the essential facts constituting the claim within 90 days of its accrual * * * or within a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense'" (*Matter of Henderson v Town of Van Buren,* 281 AD2d 872, 873). Although plaintiff offered no excuse for its delay, that failure is not fatal inasmuch as plaintiff "sufficiently established that defendant had actual * * * [knowledge] of the essential facts constituting the claim" approximately two weeks after the incident and that defendant's insurer had notice within a reasonable time after the 90-day period, and there is no showing that defendant would be prejudiced by the late service of the notice of claim (*Love v City of Auburn,* 280 AD2d 982, 982; see General Municipal Law § 50-e [5]; *Henderson,* 281 AD2d at 873). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.