■ In the Matter of Kenneth C. Gilbert et al., Respondents, v Eden Central School District et al., Appellants, et

al., Respondent. [762 NYS2d 463] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered September 17, 2002, which granted claimants' application seeking leave to serve a late notice of claim on respondents Eden Central School District and Eden Central School District Board of Education.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion in granting claimants' application seeking leave to serve a late notice of claim on Eden Central School District and Eden Central School District Board of Education (respondents) pursuant to Education Law § 3813 (2-a) (*see* General Municipal Law § 50-e [5]). Even assuming, arguendo, that claimants failed to provide a reasonable excuse for their delay, we conclude that their failure to do so " 'is not fatal where, as here, actual notice was had and there is no compelling showing of prejudice to' respondent[s]" (*Matter of Blair v County of Ontario*, 295 AD2d 933, 934 [2002]; *see Marchetti v East Rochester Cent. School Dist.*, 302 AD2d 930 [2003]; *Nationwide Ins. Co. v Village of Alexandria Bay*, 299 AD2d 855 [2002]).

Claimants established that the motor vehicle accident underlying their claim involved respondents' employees, one of whom provided medical assistance to Kenneth C. Gilbert (claimant) at the scene. Upon arriving at the scene, other employees of respondents observed the damage to the vehicles and were aware that claimant was transported from the scene by ambulance. Additionally, respondents were aware that claimant filed a worker's compensation claim when claimant's employer sought subrogation for that claim from respondents. The insurance company insuring the vehicle operated by claimant also filed a property damage claim against respondents before the expiration of the three-month period in which to serve a notice of claim pursuant to Education Law § 3813 (1). Respondents investigated the accident, although only in terms of property damage at that time. Thus, respondents were aware of the essential facts constituting the claim within the statutory time period (*see e.g. Matter of Continental Ins. Co. v City of Rye*, 257 AD2d 573 [1999]; *Matter of McAdams v Police Dept. of Town of Clarkstown*, 184 AD2d 847 [1992]; *Plass v Town of Poughkeepsie*, 102 AD2d 819 [1984]). There was a connection between the injuries and the alleged negligence of respondents, and respondents were aware of that connection (*cf. Rabanar v City of Yonkers*, 290 AD2d 428, 429 [2002]).

Respondents failed to substantiate their conclusory assertions that they were substantially prejudiced by the ap-

proximately two-month delay in serving the notice of claim (*see Matter of Bollerman v New York City School Constr. Auth.*, 247 AD2d 469, 470 [1998]; *Matter of Alvarenga v Finlay*, 225 AD2d 617 [1996]). There is no evidence in the record that the witnesses who were not interviewed at the time of the accident are presently unavailable or that those witnesses are now unable to recall the events (*see Matter of Mahan v Board of Educ. of Syracuse City School Dist.*, 269 AD2d 834, 835 [2000]). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.