CHRIS HALE et al., Appellants, v WEBSTER CENTRAL SCHOOL DISTRICT, Respondent. [784 NYS2d 449]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered April 28, 2003. The order denied plaintiffs' application for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the application is granted and the notice of claim is deemed served timely nunc pro tunc.

Memorandum: Plaintiffs commenced this action seeking damages for the alleged contamination of their property, which is located adjacent to defendant's school bus garage. The contamination allegedly occurred when petroleum was discharged from underground storage tanks at the garage. Plaintiffs first learned of the contamination by memorandum dated August 28, 2001 and served an untimely notice of claim on August 19, 2002 (*see Potanovic v County of Rockland*, 267 AD2d 291 [1999]). On November 26, 2002, plaintiffs sought leave to serve a late notice of claim, and Supreme Court denied their application. We reverse.

Although courts are vested with broad discretion in determining whether to grant an application for leave to serve a late notice of claim (*see Palumbo v City of Buffalo*, 1 AD3d 1032 [2003]), we conclude herein that the court abused its discretion in denying the application. We therefore grant plaintiffs' application and deem the notice of claim served timely nunc pro tunc. We conclude that plaintiffs established that defendant had actual knowledge of the essential facts underlying the claim based on its involvement in the investigation of the contamination and the remediation thereof (*see Nationwide Ins. Co. v Village of Alexandria Bay*, 299 AD2d 855, 856 [2002]; *cf. Palumbo,* 1 AD3d

at 1033). Plaintiffs' "failure to offer a reasonable excuse for the delay in [serving] a notice of claim is not fatal where, as here, actual notice was had and there is no compelling showing of prejudice to [defendant]" (*Matter of Drozdzal v Rensselaer City School Dist.*, 277 AD2d 645, 646 [2000]; *see Matter of Henderson v Town of Van Buren*, 281 AD2d 872 [2001]; *Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965 [1994]). In view of our determination herein, we do not address plaintiffs' remaining contentions.

All concur except Hurlbutt, J.P., and Hayes, J., who dissent and vote to affirm in the following memorandum.

Hurlbutt, J.P., and Hayes, J. (dissenting). We respectfully dissent. In our view, Supreme Court properly denied plaintiffs' application for leave to serve a late notice of claim in this tort action. Service of a notice of claim "in compliance with [General Municipal Law § 50-e]" is a condition precedent to the commencement of a tort action against a school district (Education Law § 3813 [2]; *see Parochial Bus. Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]; *Matter of Vail v Board of Coop. Educ. Servs., Second Supervisory Dist., Erie-Cattaraugus Counties*, 115 AD2d 231, 232 [1985], *lv denied* 67 NY2d 606 [1986]). A court may extend the time to serve a notice of claim, but such an extension "shall not exceed the time limited for the commencement of an action by the claimant against any [school] district" (CPLR 3813 [2-a]), which in a tort action is one year and 90 days (*see* § 3813 [2]; General Municipal Law § 50-i [1]). Here, because plaintiffs' claim is for alleged property damage caused by the latent effects of the discharge of petroleum onto plaintiffs' property, the limitations period must be computed from "the date of discovery of the injury by the plaintiff[s] or [from] the date when through the exercise of reasonable diligence the injury should have been discovered, whichever is earlier" (CPLR 214-c [3]).

We disagree with the conclusion of the majority that plaintiffs "first learned of the contamination by memorandum dated August 28, 2001." To the contrary, the record establishes that Chris Hale (plaintiff) discovered the presence of gasoline on her property in March 2001. Plaintiff testified at her General Municipal Law § 50-h hearing that, in March 2001, she discovered that the floor of her garage was covered with a liquid that "smelled like somebody had taken ten gallons of gasoline and just thrown it; I mean, unbelievable gasoline smell." Because there was no other source of gasoline in the garage, plaintiff inferred that the "liquid" had emanated from the floor drain. After she swept the liquid out of the garage, the gasoline odor

was "better." That testimony conclusively establishes that plaintiff discovered the injury to her property in March 2001, in that she "knew or should have known that contamination had . . . occurred by its entry onto [plaintiffs'] property" (*Boswell v Leemilt's Petroleum*, 252 AD2d 889, 891 [1998]; *see* CPLR 214-c [3]; *see also Oliver Chevrolet v Mobil Oil Corp.*, 249 AD2d 793, 794 [1998]; *see generally Jensen v General Elec. Co.*, 82 NY2d 77, 84-89 [1993]). Once plaintiff discovered the "primary condition on which the claim is based," the limitations period governing this action commenced to run, irrespective of whether plaintiffs had actual or constructive notice of the source of the gasoline (*Matter of New York County DES Litig.*, 89 NY2d 506, 509 [1997]; *see Whitney v Quaker Chem. Corp.*, 90 NY2d 845, 847 [1997]; *Johnson v Ashland Oil*, 195 AD2d 980, 981 [1993]). Thus, the application for leave to serve a late notice of claim, made some 20 months after plaintiff discovered the injury to plaintiffs' property, was made after the expiration of the time limited for the commencement of the action, and the court had no authority to grant the application (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-i; CPLR 214-c [3]; *Spoleta Constr. & Dev. Corp. v Board of Educ. of Byron-Bergen Cent. School Dist.*, 221 AD2d 927, 928 [1995], *lv denied* 87 NY2d 808 [1996]; *see generally Pierson v City of New York*, 56 NY2d 950, 954 [1982]). In our view, the order should therefore be affirmed. Present—Hurlbutt, J.P., Gorski, Martoche, Lawton and Hayes, JJ.