In the Matter of JESSICA LINDSTROM, Respondent, v BOARD OF EDUCATION OF JAMESTOWN CITY SCHOOL DISTRICT, Also Known as JAMESTOWN PUBLIC SCHOOLS, Appellant. [805 NYS2d 908]—

Appeal from an order of the Supreme Court, Chautauqua County (Frederick J. Marshall, J.), entered September 14, 2004. The order granted claimant's application for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion in granting claimant's application for leave to serve a late notice of claim against respondent (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Matter of Trusso v Board of Educ. of Jamestown City School Dist.*, 24 AD3d 1302 [2005]; cf. *Hale v Webster Cent. School Dist.*, 12 AD3d 1052 [2004]; *Palumbo v City of Buffalo*, 1 AD3d 1032 [2003]). The claim seeks damages

from respondent for the alleged sexual harassment/abuse of claimant by an alleged employee of respondent. The alleged harassment/abuse occurred between November 2000, when claimant was 15 years of age, and continued through the spring of 2003. Claimant attained the age of 18 years on May 13, 2003, and she sought leave to serve a late notice of claim in July 2004.

Respondent contends that the claim accrued in the spring of 2003 and that the application should have been denied because claimant failed to offer a reasonable excuse for her failure to serve a notice of claim within 90 days thereafter. We note, however, that the failure of claimant to offer a reasonable excuse for her delay in serving a notice of claim or, indeed, the failure to offer any excuse, is not necessarily "fatal to the application" (*Marchetti v East Rochester Cent. School Dist.*, 302 AD2d 930, 930 [2003]; *see Hale*, 12 AD3d at 1053; *Nationwide Ins. Co. v Village of Alexandria Bay*, 299 AD2d 855 [2002]; *Matter of Blair v County of Ontario*, 295 AD2d 933, 933-934 [2002]). Here, the court properly considered the other relevant factors, particularly the fact that respondent or its agents had acquired actual knowledge of the essential facts constituting the claim within weeks of its accrual, i.e., no later than May 2003 (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Matter of Henderson v Town of Van Buren*, 281 AD2d 872, 873 [2001]; *Bazer v Town of Walworth*, 277 AD2d 994, 995 [2000]). Respondent thus was not substantially prejudiced as a result of claimant's delay in serving the notice of claim (*see Marchetti*, 302 AD2d 930 [2003]; *Bazer*, 277 AD2d at 995; *Matter of O'Connor v County of Erie,* 259 AD2d 964 [1999]), and the application was properly granted. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.