■ In the Matter of CRYSTAL LaMAY, Appellant, v COUNTY OF OSWEGO et al., Respondents. [855 NYS2d 773]—

Memorandum: We agree with petitioner that Supreme Court abused its discretion in denying her application for leave to serve a late notice of claim. The record establishes that petitioner sustained injuries on March 11, 2006 as the result of respondents' alleged negligence in responding to 911 calls

reporting that petitioner had taken an overdose of medication in an attempt to commit suicide. Petitioner did not seek leave to serve a late notice of claim until November 29, 2006. "In determining whether leave to serve a late notice of claim should be granted, the key factors are whether the [petitioner] has shown a reasonable excuse for the delay, whether the municipality had actual [knowledge] of the essential facts constituting the claim within 90 days of its accrual . . . or within a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense" (*Nationwide Ins. Co. v Village of Alexandria Bay*, 299 AD2d 855, 856 [2002] [internal quotation marks omitted]; *see* General Municipal Law § 50-e [5]).

In support of her application, petitioner established that, following her overdose, she was in a coma from March 11, 2006 to May 5, 2006 and sustained permanent damage to her internal organs, and that her delay in serving a notice of claim was attributable to those injuries (*see Matter of Haeg v County of Suffolk*, 30 AD3d 519, 520 [2006]; *Matter of McHugh v City of New York*, 293 AD2d 478 [2002]). In any event, even assuming, arguendo, that petitioner failed to offer a reasonable excuse for her delay in serving a notice of claim, we note that such failure " 'is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respondents]' " (*Hale v Webster Cent. School Dist.*, 12 AD3d 1052, 1053 [2004]; *see Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965 [1994]). Petitioner contended in support of her application that, in the hours before petitioner was found unconscious in her home, an Oswego County Sheriff's Deputy was dispatched to her home on two occasions to investigate reports that she had overdosed on medication but that the Sheriff's Deputy negligently failed to ascertain whether petitioner required medical treatment. Thus, respondents "acquired notice of the essential facts based upon the facts that police were called to the scene and were directly involved in all aspects of the claim[ ]" (*Matter of Schiffman v City of New York*, 19 AD3d 206, 207 [2005]; *see Ayala v City of New York*, 189 AD2d 632, 633-634 [1993]). The incident reports created by respondent Oswego County Sheriff's Department and the Oswego County E 911 records also demonstrate that "respondents were aware of the essential facts constituting the claim within the statutory time period" (*Matter of Gilbert v Eden Cent. School Dist.*, 306 AD2d 925, 926 [2003]; *see Bazer v Town of Walworth*, 277 AD2d 994 [2000]). Finally, "[r]espondents failed to substantiate their conclusory assertions that they were substantially prejudiced by the . . . delay" (*Gilbert*, 306 AD2d at 926-927; *see Love v City of Auburn*, 280 AD2d 982,

983 [2001]). Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.