# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1365**

**CA 11-00587**

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

TRACY GURNETT, PLAINTIFF-APPELLANT,

               V                                    MEMORANDUM AND ORDER

TOWN OF WHEATFIELD, ROBERT CLIFFE, LARRY HELWIG,
ARTHUR GERBEC, GILBERT DOUCET, KENNETH RETZLAFF
AND ROBERT O'TOOLE, DEFENDANTS-RESPONDENTS.

---

SPADAFORA & VERRASTRO, LLP, BUFFALO (JOSEPH C. TODORO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

PETRONE & PETRONE, P.C., WILLIAMSVILLE (JAMES H. COSGRIFF, III, OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 13, 2010. The order denied the application of plaintiff for leave to serve a late and amended notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the application is granted upon condition that the proposed amended notice of claim is served within 20 days of the date of entry of the order of this Court.

Memorandum: Plaintiff, an employee of defendant Town of Wheatfield, initially served a notice of claim alleging that she had been subjected to, inter alia, harassment, retaliation and a hostile work environment beginning on "December 4, 2009 and continuing thereafter." Following the hearing conducted pursuant to General Municipal Law § 50-h, plaintiff sought leave to amend the notice of claim to reflect that the conduct complained of began on May 29, 2009, and she also sought leave to serve the amended notice of claim as a late notice of claim. Supreme Court denied plaintiff's application based upon her failure to offer a reasonable excuse for failing to serve a timely notice of claim with respect to the incidents beginning on May 29, 2009.

"Although courts are vested with broad discretion in determining whether to grant an application for leave to serve a late notice of claim," we conclude that the court abused its discretion in denying plaintiff's application (*Hale v Webster Cent. School Dist.*, 12 AD3d 1052, 1052). Plaintiff established that defendants received actual notice of the first incidents upon which the claim is based in a timely manner in June 2009, and "defendants have made no

particularized or persuasive showing that the delay caused them substantial prejudice" (*Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965; *see Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434).  Thus, plaintiff's failure to offer a reasonable excuse for the delay in filing a notice of claim with respect to the incidents commencing May 29, 2009 " 'is not fatal where, as here, actual notice was had and there is no compelling showing of prejudice to' [defendants]" (*Matter of Henderson v Town of Van Buren*, 281 AD2d 872, 873).  We therefore reverse the order and grant plaintiff's application upon condition that the proposed amended notice of claim is served within 20 days of the date of entry of the order of this Court.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court