■ TIMOTHY C. CLARK, Respondent, v ROSWELL PARK CANCER INSTITUTE CORPORATION, Appellant. [938 NYS2d 483]—

Memorandum: Contrary to defendant's contention, the Court of Claims did not abuse its discretion in granting claimant's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). "The court is vested with broad discretion to grant or deny [such an] application" (*Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965 [1994]). Although claimant failed to offer a reasonable excuse for his failure to serve the notice of claim within the 90-day statutory period (*see* § 50-e [1] [a]), that failure " 'is not fatal where . . .

actual notice was had and there is no compelling showing of prejudice to [defendant]' " (*Hale v Webster Cent. School Dist.*, 12 AD3d 1052, 1053 [2004]; *see Matter of LaMay v County of Oswego*, 49 AD3d 1351, 1352 [2008], *lv denied* 10 NY3d 715 [2008]). Here, defendant had actual notice of the facts constituting the claim by virtue of its possession of medical records pertaining to claimant's care and treatment while he was a patient of defendant (*see Kavanaugh v Memorial Hosp. & Nursing Home of Greene County*, 126 AD2d 930, 931 [1987]). The treatment provided by defendant forms the basis of the alleged malpractice, and the relevant facts are contained in defendant's own records (*see Rechenberger v Nassau County Med. Ctr.*, 112 AD2d 150, 152 [1985]). Finally, we conclude that defendant was not prejudiced as a result of the delay in the filing of a notice of claim. Present—Scudder, P.J., Fahey, Carni, Sconiers and Martoche, JJ. [**Prior Case History: 31 Misc 3d 578.**]