**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**35**

**CA 11-01729**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

TIMOTHY C. CLARK, CLAIMANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROSWELL PARK CANCER INSTITUTE CORPORATION,
DEFENDANT-APPELLANT.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (JENNIFER L. NOAH OF COUNSEL),
FOR DEFENDANT-APPELLANT.

BROWN CHIARI LLP, LANCASTER (MICHAEL R. DRUMM OF COUNSEL), FOR
CLAIMANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Michael E. Hudson, J.), entered December 3, 2010 in a medical malpractice action. The order granted the application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Contrary to defendant's contention, the Court of Claims did not abuse its discretion in granting claimant's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). "The court is vested with broad discretion to grant or deny [such an] application" (*Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965). Although claimant failed to offer a reasonable excuse for his failure to serve the notice of claim within the 90-day statutory period (*see* § 50-e [1] [a]), that failure " 'is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [defendant]' " (*Hale v Webster Cent*. *School Dist*., 12 AD3d 1052, 1053; *see Matter of LaMay v County of Oswego*, 49 AD3d 1351, 1352, *lv denied* 10 NY3d 715). Here, defendant had actual notice of the facts constituting the claim by virtue of its possession of medical records pertaining to claimant's care and treatment while he was a patient of defendant (*see Kavanaugh v Memorial Hosp. & Nursing Home*, 126 AD2d 930, 931). The treatment provided by defendant forms the basis of the alleged malpractice, and the relevant facts are contained in defendant's own records (*see Rechenberger v Nassau County Med. Ctr.*, 112 AD2d 150, 152). Finally, we conclude that defendant

was not prejudiced as a result of the delay in the filing of a notice of claim.

Entered:  February 17, 2012

Frances E. Cafarell
Clerk of the Court