Memorandum: Contrary to respondent’s contention, Supreme Court did not abuse its discretion in granting claimant’s application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Although a court may properly consider whether a claimant provided a reasonable excuse for failing to serve a timely notice of claim (see Parton v Onondaga County, 81 AD3d 1433, 1433-1434 [2011]), a claimant’s failure to tender a reasonable excuse “is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respondent]” (Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs., 66 AD3d 1434, 1435 [2009] [internal quotation marks omitted]; see Hale *1247 v Webster Cent. School Dist., 12 AD3d 1052, 1053 [2004]). Here, claimant “made a persuasive showing that [respondent] ‘acquired actual knowledge of the essential facts constituting the claim’ . . . [and respondent has] made no particularized or persuasive showing that the delay caused [it] substantial prejudice” (Wetzel Servs. Corp. v Town of Amherst, 207 AD2d 965, 965 [1994]; see § 50-e [5]). Present — Fahey, J.E, Peradotto, Garni and Sconiers, JJ.