Landis v 383 Realty Corp. (2024 NY Slip Op 00272)

Landis v 383 Realty Corp.

2024 NY Slip Op 00272

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

File No. 2017-1388/B, Index No. 653847/15 Appeal No. 1506 Case No. 2023-01239 

[*1]Allan Landis, Plaintiff-Appellant,
v
383 Realty Corp., et al., Defendants-Respondents.

Knox Law Group, P.C., Kew Gardens (Daniel Knox of counsel), for appellant.
Bond, Schoeneck & King, PLLC, New York (Mark A. Berman of counsel), for respondents.

Order, Surrogate's Court, New York County (Nora S. Anderson, J.), entered on or about December 30, 2022, which dismissed, after a bench trial, plaintiff's unjust enrichment and breach of contract claims, unanimously affirmed, with costs.
We find, as an initial matter, that defense witnesses Martin Wallack, Sergio Moreno, and Ephraim Bulow were not incredible as a matter of law (see generally L'Esperance v L'Esperance, 243 AD2d 446, 447 [2d Dept 1997]; Sier v Jacobs Persinger & Parker, 276 AD2d 401, 402 [1st Dept 2000]).
The unjust enrichment claim was properly dismissed. Plaintiff claims that he performed property management services and should receive the compensation customarily received by a property manager — i.e., a percentage of gross rents. The trial court reasonably concluded, based on the evidence presented, including conflicting expert testimony, that the services performed by plaintiff were not sufficient to render him the property manager. In addition, the letter and emails relied on by plaintiff are not clear admissions of such designation. Even assuming plaintiff was entitled to an hourly compensation for his services, he failed to present any evidence of the number of hours devoted or of an appropriate hourly rate. Further, defendants' unrebutted estimates yield a total of $4,565.50 — far less than the $205,000 plaintiff has already been paid.
The breach of contract claim was also properly dismissed. It is clear that the exclusivity period in the parties' brokerage agreement had already expired by the time the buyer reached out to defendants and that plaintiff was not responsible for finding or negotiating with the buyer. The record does not support plaintiff's claims that the parties agreed to either enter into a new contract with a longer exclusivity period or else to modify the existing contract to extend the exclusivity period (see generally Rose v Spa Realty Assoc., 42 NY2d 338, 343-344 [1977]; North Am. Hyperbaric Ctr. v City of New York, 198 AD2d 148, 149 [1st Dept 1993], lv denied 83 NY2d 758 [1994]). The fact that plaintiff helped facilitate the sale closing by gathering documentation does not demonstrate a mutual assent to extend the exclusivity period or to create a new exclusive brokerage agreement — especially in view of the clear statement in the sale contract that only the buyer had a broker. Nor does the payment of $205,000 to plaintiff demonstrate such a mutual assent, as that payment was not unequivocally referable to the brokerage agreement.
In view of our disposition of these issues, we need not reach the parties' arguments with respect to piercing the corporate veil.
Plaintiff argues, in the alternative, that this matter should be remanded for a new trial due to the denial of his right to cross-examine Wallack and Moreno. We find that the trial court providently exercised its discretion in precluding cross-examination of Wallack regarding his prior violation of a court order and of Moreno regarding his hiring [*2]of a homeless assistant, as these topics were marginally relevant, at best, even to the credibility of these witnesses (see generally Mazella v Beals, 27 NY3d 694, 709 [2016]; Badr v Hogan, 75 NY2d 629, 634 [1990]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024