■ RAYMOND HERNANDEZ, an Infant, by His Father and Natural Guardian, HARRY HERNANDEZ, et al., Respondents, v CASTLE HILL LITTLE LEAGUE et al., Appellants, et al., Defendant. [682 NYS2d 191] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered March 30, 1998, denying the motion of defendants Castle Hill Little League and Little League Baseball, Inc. (Little League), pursuant to CPLR 3211 (a) (7) and 3212, to dismiss the complaint as to them, unanimously reversed, on the law, without costs or disbursements, and the motion for summary judgment granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

The infant plaintiff, 13 years of age and a six-year veteran of Little League play at the field in question, was standing in his team's dugout having a conversation with his coach when he bent over to tie his shoes. As he did so, he was struck by a ball alleged to have been errantly thrown by a catcher warming up a pitcher during pre-game practice. The infant plaintiff, claiming to have suffered a skull fracture, resulting in recurring headaches and other injuries sequelae, commenced this action against the City of New York, the owner of the field, and the Little League defendants. As against the latter, the infant plaintiff claimed that the field was improperly laid out in that there was inadequate fencing around the bullpen area and that the League was negligent in supervising plaintiff's on-field activities. Neither claim has merit and, in the circumstances, the complaint should have been dismissed.

"It has long been established * * * that participants in athletic events assume the risk of injury normally associated with the sport." (*Maddox v City of New York*, 108 AD2d 42, 45, *affd* 66 NY2d 270 [citations omitted].) The rule is the same for amateurs who voluntarily participate in athletic activity (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650) and applies to non-participants, as well as players (*Dillard v Little League Baseball*, 55 AD2d 477, *lv denied* 42 NY2d 801). The risk of being hit by a baseball in and around the playing field is inherent in the sport itself. While it is true that participants will not be deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks (*Benitez v New York City Bd. of Educ., supra,* at 654, 658), there is no evidence in this record that the Little League defendants had reason to know of a concealed defect in the field which unreasonably increased the risk of injury or that they were aware of danger over and above the risks associated with the game itself.

Nor is there any evidence that inadequate supervision was responsible for the accident or that better supervision could have prevented it. Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.