■ JOHNNY ROBINSON, JR., an Infant, by His Father and Natural Guardian, JOHNNY ROBINSON, SR., et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [702 NYS2d 22] —Order, Supreme Court, Bronx County (George Friedman, J.), entered March 29, 1999, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

No issue of fact exists as to whether plaintiff appreciated the risks inherent in playing tackle football on the field where he sustained his injuries, including those associated with any open and obvious conditions on the field (see, Flores v City of New York, 266 AD2d 148). Plaintiff, who was struck in the eye by a low lying branch of a tree on the field when he jumped on the back of an opposing player to tackle him, acknowledged in his deposition that he participated in the selection of the tree as a field marker, and was otherwise aware of the tree and its low lying branches prior to the accident. In these circum-

stances, we reject the 12-year-old plaintiff's claim that he was incapable of assuming the risk of running into the tree (*cf.*, *e.g.*, *Morales v New York City Hous. Auth.*, 187 AD2d 295; *Hernandez v Castle Hill Little League*, 256 AD2d 241; *Griffin v Lardo*, 247 AD2d 825, *lv denied* 91 NY2d 814; *Osborne v Olean Bd. of Educ.*, 186 AD2d 1059). No issue of fact is raised by plaintiff's claim that he did not see the particular thorny branch that injured him before he was injured, since the tree and its branches admittedly were not concealed (*see, Colucci v Nansen Park*, 226 AD2d 336), and it is not necessary to application of assumption of risk that plaintiff have foreseen that his injury would be caused by a thorn on a low lying branch, rather than, for example, his running into a thornless branch (*see, Maddox v City of New York*, 66 NY2d 270, 278). Concur— Sullivan, J. P., Williams, Rubin, Buckley and Friedman, JJ.