■ James J. Havens et al., Individually and as Parents and Natural Guardians of John D. Havens, an Infant, Appellants, v Maria Kling, as Parent and Natural Guardian of Jason Kraft, an Infant, et al., Respondents. [715 NYS2d 812] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs' 11-year-old son, John D. Havens, was injured while participating in a junior golf program sponsored by defendants James Amendola and Amendola Golf Group, Inc., doing business as Beaver Island Golf Shop (collectively Amendola), and the Lions Club of the Town of Grand Island, Inc. (Lions Club). John was hit in the head with a golf club as he stood behind his 12-year-old cousin, Jason Kraft, who was taking a practice swing. The Lions Club promoted the event and planned to take the children out for nine holes of supervised golf after the group lesson by Amendola. On the first day

of the clinic over 70 children participated, although approximately 30 were expected. There was a long line at the tee after the lesson, and the record establishes that neither Amendola nor the Lions Club considered itself responsible for supervising the children while they waited in line for more than an hour. Plaintiffs commenced this negligence action, and defendants moved for summary judgment dismissing the complaint.

Supreme Court properly granted the motion of defendant Maria Kling, Jason's mother, based on John's primary assumption of risk. In *Griffin v Lardo* (247 AD2d 825, 825-826, *lv denied* 91 NY2d 814), we determined that assumption of risk applied to a 12-year-old inexperienced golfer who was struck in the head with a golf club while instructing an 11 year old how to swing a golf club. We wrote, "[t]he risk of the present injury is obvious, and, by voluntarily participating in the activity, plaintiff's daughter assumed the risk of injury despite her age and inexperience" (*Griffin v Lardo,* supra, at 826). Contrary to plaintiffs' contention, "[i]t is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d 270, 278). John conceded that he was aware of the potential for injury from a person swinging a golf club, i.e., the mechanism from which the injury resulted. Plaintiffs' contention that Jason acted recklessly is without merit (*see, Griffin v Lardo, supra*, at 826).

We agree with plaintiffs, however, that the court erred in granting the motions of Amendola and the Lions Club. Plaintiffs, as limited by their brief on appeal, allege with respect to those defendants that they were negligent in their supervision of the children. Here, there is an issue of fact whether "inadequate supervision was responsible for the accident" (*Hernandez v Castle Hill Little League*, 256 AD2d 241, 242; *cf., Winter v City of New York*, 208 AD2d 827, 828), and thus Amendola and the Lions Club are not entitled to summary judgment. Contrary to the contention of Amendola and the Lions Club, primary assumption of risk does not automatically apply to bar plaintiffs' action against them. "The element of risk assumed by [a] plaintiff [does] not relieve [a] defendant from the obligation of using reasonable care to guard against a risk which might reasonably be anticipated" (*Baker v Eastman Kodak Co.*, 34 AD2d 886, *affd* 28 NY2d 636). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary

Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.