JAMES E. HOCHREITER, Individually and as Father and Natural Guardian of LINDSEY P. HOCHREITER, an Infant, Appellant, v DIOCESE OF BUFFALO et al., Respondents. (Appeal No. 1.) [764 NYS2d 753] —Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered August 6, 2002, which granted defendants' motions for summary judgment dismissing the amended complaint.

It is hereby ordered that said appeal from the order insofar as it granted the motion of defendant Dana Mulivich be and the same hereby is unanimously dismissed and the order is modified on the law by denying the motion of defendants Diocese of Buffalo and North Tonawanda Catholic Consolidated School, Ascension Campus, and reinstating the claim for negligent supervision, together with plaintiff's derivative cause of action against them and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by his daughter when defendant Dana Mulivich, a teammate of plaintiff's daughter on the seventh grade volleyball team, threw or hit a ball that struck plaintiff's daughter in the back of the head during volleyball practice. Plaintiff contends that his daughter was injured after the coach had blown the whistle and had thereby signaled the end of the practice, while Mulivich contends that the coach had not signaled the end of practice and that she was practicing serves at the time of the injury. The coach was unaware that plaintiff's daughter was struck by the ball and does not recall any details about the practice session that day. In appeal No. 1, plaintiff appeals from an order granting the respective motions of defendants seeking summary judgment dismissing the amended complaint against them and, in appeal No. 2, he ap-

peals from an order granting his motion for "reargument/renewal" with respect to Mulivich's motion and adhering to the original decision. We dismiss the appeal from the order in appeal No. 1 insofar as the order granted the motion of Mulivich (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). As limited by his brief, plaintiff contends that Supreme Court erred in granting defendants' motions with respect to the claims for negligence and negligent supervision.

The court properly granted those parts of defendants' motions seeking summary judgment dismissing the negligence claims. "Players who voluntarily join in extracurricular interscholastic sports assume the risks to which their roles expose them but not risks which are 'unreasonably increased or concealed'" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658 [1989]). Regardless of whether the coach had signaled the end of play, it is undisputed that plaintiff's daughter was walking off the court at the time that she was struck by the ball and that other players remained on the court. Even if the coach had signaled the end of play, that fact alone would not warrant a determination that the risks associated with the sport were unreasonably increased at the time plaintiff's daughter was injured. Thus, we conclude that defendants met their initial burden with respect to the negligence claims by establishing their entitlement to judgment, and plaintiff failed to raise an issue of fact (*see generally Weller v Colleges of the Senecas,* 217 AD2d 280, 283 [1995]).

We further conclude, however, that the court erred in granting that part of the motion of defendants Diocese of Buffalo and North Tonawanda Catholic Consolidated School, Ascension Campus (collectively, School) seeking summary judgment dismissing the claim of negligent supervision. "[P]rimary assumption of risk does not automatically apply to bar plaintiff['s] action against [the School]. 'The element of risk assumed by [a] plaintiff [does] not relieve [a] defendant from the obligation of using reasonable care to guard against a risk which might reasonably be anticipated'" (*Havens v Kling,* 277 AD2d 1017, 1018 [2000]). Even assuming, arguendo, that the School met its initial burden with respect to the negligent supervision claim, we conclude that plaintiff raised an issue of fact by providing evidence concerning the rules of play during practice drills on serving. According to those rules of play, players line up on the service lines on both sides of the net and the coach signals by whistle that the players on one side of the net are to serve the balls, which are then retrieved by the players on the other side of the net. Here, it is undisputed that Mulivich was practicing

her serve and that plaintiff was walking off the court at the time of the injury. We thus conclude that plaintiff raised an issue of fact whether "inadequate supervision was responsible for the accident or * * * [whether] better supervision could have prevented it" (*Hernandez v Castle Hill Little League,* 256 AD2d 241, 242 [1998]; *see Havens,* 277 AD2d at 1018). We therefore modify the order in appeal No. 1 by denying the School's motion in part and reinstating the claim for negligent supervision, together with plaintiff's derivative cause of action against the School. Present—Pine, J.P., Hurlbutt, Scudder and Hayes, JJ.