■ KALEY GARMAN, Appellant, v EAST ROCHESTER SCHOOL DISTRICT et al., Respondents. [850 NYS2d 306]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered October 16, 2006 in a personal injury action. The order granted the motion of defendant East Rochester School District and the cross motion of Monroe #1 BOCES for summary judgment dismissing the complaint and denied the motion of plaintiff for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendant East Rochester School District and the cross motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained during a senior class field trip to an obstacle course operated by defendant Monroe #1 BOCES (BOCES). Plaintiff was unable to complete a "toad stool" obstacle, which required her to swing on a rope across a distance of eight to nine feet and to land on a series of logs. She attempted to swing across the obstacle while riding on the back of another student but lost her grip and fell, landing on her head.

Defendant East Rochester School District (District) moved and BOCES cross-moved for summary judgment dismissing the complaint. In granting the motion and cross motion, Supreme Court determined as a matter of law that plaintiff assumed the risk of injury as a result of her voluntary participation in the obstacle course activity. That was error, and we therefore modify

the order accordingly. The element of risk assumed by plaintiff does not relieve defendants of their obligation to use "reasonable care to guard against a risk which might reasonably be anticipated" (*Havens v Kling,* 277 AD2d 1017, 1018 [2000]; *see Hochreiter v Diocese of Buffalo,* 309 AD2d 1216, 1217 [2003]). Here, the chairperson of the physical education department at BOCES and an employee of BOCES who was present at the toad stool obstacle prior to plaintiff's injury both testified at their depositions that it would not be appropriate for students to swing in tandem on the rope across that obstacle. Indeed, the BOCES employee testified that he would not have allowed plaintiff to swing on the back of another student had he been present at the obstacle. We note, however, that the District employee who was supervising the activity testified at her deposition that she assisted plaintiff in climbing on the other student's back. Thus, even assuming, arguendo, that plaintiff voluntarily assumed the risks inherent in performing the toad stool obstacle, we conclude that there is a triable issue of fact on the record before us whether defendants "failed to provide proper supervision of the [obstacle activity], thereby exposing plaintiff to unreasonably increased risks of injury" (*Sheehan v Hicksville Union Free School Dist.,* 229 AD2d 1026 [1996]; *see Royal v City of Syracuse,* 309 AD2d 1284 [2003]). Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.