■ Brendan Farrell et al., Respondents, v Eric S. Hochhauser et al., Defendants, and Bellmore-Merrick Central High School District et al., Appellants. [884 NYS2d 261]—

In an action to recover damages for personal injuries, etc., the defendants Bellmore-Merrick Central High School District, W.C. Mepham High School, and John F. Kennedy High School appeal from an order of the Supreme Court, Nassau County (McCarthy, J.), dated November 25, 2008, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Bellmore-Merrick Central High School District, W.C. Mepham High School, and John F. Kennedy High School for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The infant plaintiff, Brendan Farrell (hereinafter Farrell), a wrestler at John F. Kennedy High School (hereinafter JFK) allegedly contracted herpes simplex I while participating in a wrestling match against Eric Hochhauser, a wrestler at W.C. Mepham High School (hereinafter Mepham).

By engaging in a sport or recreational activity, a participant consents to those commonly-appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation (*see Morgan v State of New York*, 90 NY2d 471, 484-486 [1997]; *Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Maddox v City of New York*, 66 NY2d 270, 277-278 [1985]). Participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of participation, but not to unassumed, concealed, or unreasonably increased risks (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]; *Turcotte v Fell*, 68 NY2d at 439; *Weller v Colleges of the Senecas*, 217 AD2d 280, 283 [1995]).

Here, the defendants Bellmore-Merrick Central High School District, Mepham, and JFK (hereinafter collectively the School District) established their entitlement to summary judgment dismissing the complaint and all cross claims insofar as asserted against them. By its nature, wrestling involves close contact be-

tween participants, and it follows that diseases transmitted through skin-to-skin contact may result. JFK's head wrestling coach Brian DeGaetano stated during his deposition testimony that contracting a communicable disease is "an inherent danger of the sport." Similarly, the plaintiffs' own expert, Richard Borkowski, stated in his affidavit that "the possibility of contracting herpes and other communicable diseases is well known to wrestling coaches, administrators and wrestling officials and is known to be a problem associated with wrestling." Borkowski further averred that herpes "may exist in 29.8%" of high school wrestlers, and that "[t]he long standing skin disease associated with wrestling is herpes." Moreover, during his testimony pursuant to General Municipal Law § 50 (h), Farrell stated that he was aware that skin diseases could be contracted through skin-to-skin contact while wrestling. He was instructed to shower after each practice and to use "strong" soap and shampoo so that he "wouldn't catch anything."

Contrary to the plaintiffs' contention, the School District informed Farrell of the specific risk of contracting herpes, not just the risk of contracting skin diseases in general through wrestling. Prior to the start of Farrell's junior season, DeGaetano distributed to the wrestlers and their parents a packet of information which included an article stating that "staphylococcal infections, ringworm, impetigo, and herpes simplex virus are the four most commonly seen in wrestling." Moreover, DeGaetano testified that he had discussed with the JFK wrestlers and their parents the possibility of contracting a skin disease, specifically staph, ringworm, impetigo, and herpes, because they are the "most prevalent among wrestlers." The testimony of Farrell and his father that herpes "may have been discussed," but that they could not remember, was insufficient to raise a triable issue of fact (see generally Bachurski v Polish & Slavic Fed. Credit Union, 33 AD3d 739, 740 [2006]).

The plaintiffs' remaining contention is without merit. Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.