■ MATTHEW CAPUANO, Appellant, v ROCHESTER INSTITUTE OF TECHNOLOGY, Respondent. [897 NYS2d 822]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered February 2, 2009 in a personal injury action. The order granted the motion of defendant for summary judgment dismissing the complaint and denied the cross motion of plaintiff for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while operating a leg press machine during a "Wellness for Life" class at defendant, Rochester Institute of Technology. We agree with plaintiff that Supreme Court erred in granting defendant's motion seeking summary judgment dismissing the complaint, and we therefore modify the order accordingly. We cannot conclude on the record before us that plaintiff was aware of the risk that a back injury could result from improper use of the leg press machine and thus that the action is barred as a matter of law based on plaintiff's primary assumption of the risk (*see generally Turcotte v Fell*, 68 NY2d 432, 438-439 [1986]; *Lamey v Foley*, 188 AD2d 157, 162-165 [1993]). Plaintiff testified at his deposition that, although he had some experience with a seated leg press machine prior to the accident, he had never previously used the horizontal Cybex leg press machine on which he was injured. Plaintiff was instructed to begin using that leg press machine by pressing the equivalent of his own body weight and then increasing the weight incrementally until he could perform the exercise only once or twice, and that would be his "max weight." Plaintiff's expert stated that such an instruction constituted an

advanced weight lifting technique referred to as "maxing out" and that the technique requires supervision by a qualified instructor. We conclude that there is a triable issue of fact whether plaintiff's instructor provided adequate supervision inasmuch as she had no formal background in weight training and may not have been in the weight room at the time of the accident. The extent to which plaintiff assumed the risk of injury, if any, is an issue of his culpable conduct similar to comparative negligence and thus one for the jury to resolve (*see* CPLR 1411; *Lamey*, 188 AD2d at 163; *see also* PJI 2:55).

Further, "[t]he element of risk assumed by [a] plaintiff [does] not relieve [a] defendant from the obligation of using reasonable care to guard against a risk [that] might reasonably be anticipated" (*Hochreiter v Diocese of Buffalo*, 309 AD2d 1216, 1217 [2003] [internal quotation marks omitted]; *see Havens v Kling*, 277 AD2d 1017, 1018 [2000]). Here, the supervisor of plaintiff's instructor testified at her deposition that an individual's use of improper form on the leg press machine could result in hyperextension of the back and injury. Plaintiff's instructor, however, was unaware of the increased risk of injury posed by differences in weight, lack of experience and fatigue, and she was unaware of the strain that "maxing out" might place on an individual's body. Thus, there is a triable issue of fact "whether 'inadequate supervision was responsible for the accident or . . . [whether] better supervision could have prevented it'" (*Hochreiter*, 309 AD2d at 1218). Present—Scudder, P.J., Sconiers, Green and Gorski, JJ.