# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

83

CA 13-01241

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF JOSEPH D. CANDINO, JR.,
CLAIMANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

STARPOINT CENTRAL SCHOOL DISTRICT, STARPOINT
CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION,
STARPOINT HIGH SCHOOL, IROQUOIS CENTRAL SCHOOL
DISTRICT, IROQUOIS CENTRAL SCHOOL DISTRICT BOARD
OF EDUCATION, IROQUOIS CENTRAL HIGH SCHOOL, WEST
SENECA SCHOOL DISTRICT, WEST SENECA SCHOOL
DISTRICT BOARD OF EDUCATION AND WEST SENECA EAST
SENIOR HIGH SCHOOL, RESPONDENTS-APPELLANTS.

---

BAXTER SMITH & SHAPIRO, P.C., WEST SENECA (LOUIS B. DINGELDEY, JR., OF
COUNSEL), FOR RESPONDENTS-APPELLANTS STARPOINT CENTRAL SCHOOL
DISTRICT, STARPOINT CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION AND
STARPOINT HIGH SCHOOL.

SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR
RESPONDENTS-APPELLANTS IROQUOIS CENTRAL SCHOOL DISTRICT, IROQUOIS
CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION AND IROQUOIS CENTRAL HIGH
SCHOOL.

WEBSTER SZANYI LLP, BUFFALO (JEREMY A. COLBY OF COUNSEL), FOR
RESPONDENTS-APPELLANTS WEST SENECA SCHOOL DISTRICT, WEST SENECA SCHOOL
DISTRICT BOARD OF EDUCATION AND WEST SENECA EAST SENIOR HIGH SCHOOL.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR CLAIMANT-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered February 1, 2013.  The order granted the
application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is reversed
on the law without costs and the application is denied.

Memorandum:  We agree with respondents that Supreme Court abused
its discretion in granting claimant's application seeking leave to
serve a late notice of claim pursuant to General Municipal Law § 50-e
(5).  On February 4 and 5, 2011, claimant, then a 16-year-old student
at respondent West Seneca East Senior High School, participated in the
Section VI high school wrestling championship (tournament) held at

respondent Starpoint High School in Lockport.  It is undisputed that one of the wrestlers at the tournament, from respondent Iroquois Central High School, had a highly contagious virus.  In September 2012, approximately five months after he reached the age of majority and 19 months after the tournament, claimant sought leave to serve a late notice of claim against respondents, alleging that he had contracted herpes from the infected wrestler and that respondents were negligent in, among other things, allowing the infected wrestler to participate in the tournament and in failing to take reasonable steps to avoid claimant's injury.

In seeking leave of the court to file a late notice of claim, claimant offered no excuse, reasonable or otherwise, for failing to serve a timely notice of claim.  In support of his application, however, claimant asserted that respondents had actual knowledge of the facts underlying his claim because another student who allegedly contracted herpes from the same wrestler at the tournament had served a timely notice of claim against respondents Starpoint High School and Iroquois Central High School.  Claimant further asserted that respondents had actual knowledge based on Health Advisory #279a, issued by the Erie County Department of Health (DOH) on February 11, 2011 to all school districts in Erie and Niagara Counties.  The advisory stated that DOH was investigating "several cases of skin infection in high school wrestlers" who had participated in the tournament, and it also identified all schools that had participated in the tournament.  Finally, claimant contended that respondents had suffered no prejudice from his failure to serve a timely notice of claim.  The court granted the application, and we now reverse.

Where a claimant does not offer a reasonable excuse for failing to serve a timely notice of claim, a court may grant leave to serve a late notice of claim only if the respondent has actual knowledge of the essential facts underlying the claim, there is no compelling showing of prejudice to the respondent (*see Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs*., 66 AD3d 1434, 1435), and the claim does not "patently lack merit" (*Matter of Hess v West Seneca Cent. Sch. Dist*., 15 NY3d 813, 814; *see Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179).  Here, respondents asserted that, until claimant made the instant application, they had no knowledge that he had contracted herpes or otherwise had been injured at the tournament.  Although claimant offered no evidence to the contrary, he essentially contended that respondents *should have known* of his injury because another wrestler had filed a timely notice of claim regarding an identical injury and because respondents had received Health Advisory #279a.

As we have repeatedly stated, actual knowledge of the essential facts of a claim requires "[k]nowledge of the injuries or damages claimed by a [claimant], rather than mere notice of the underlying occurrence" (*Santana v Western Regional Off-Track Betting Corp*., 2 AD3d 1304, 1305, *lv denied* 2 NY3d 704 [internal quotation marks omitted]; *see Dalton v Akron Cent. Schools*, 107 AD3d 1517, 1518).  Here, claimant's proof in support of his application establishes, at most, that respondents had constructive knowledge of his claim.  In

other words, there is nothing in the notice of claim filed by the other wrestler who was infected at the tournament or in Health Advisory #279a that gave respondents actual knowledge that claimant was similarly injured.

Thus, even assuming, arguendo, that respondents suffered no prejudice from the delay and that the proposed claim against them does not patently lack merit, we conclude that the court abused its discretion in granting claimant's application for leave to serve a late notice of claim (*see Palumbo v City of Buffalo*, 1 AD3d 1032, 1033).

All concur except FAHEY and WHALEN, JJ., who dissent and vote to affirm in the following Memorandum:  We respectfully dissent.  In our view, Supreme Court did not abuse its discretion in granting claimant's application for leave to serve a late notice of claim upon respondents, and we therefore would affirm the order.

"A notice of claim must be served within 90 days after the claim accrues, although a court may grant leave extending that time, provided that the application therefor is made before the expiration of the statute of limitations period of one year and 90 days (*see* General Municipal Law § 50-e [1] [a]; [5]).  The decision whether to grant such leave 'compels consideration of all relevant facts and circumstances,' including the 'nonexhaustive list of factors' in section 50-e (5) (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539).  The three main factors are 'whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality' (*Matter of Friend v Town of W. Seneca*, 71 AD3d 1406, 1407; *see generally* § 50-e [5]).  '[T]he presence or absence of any one of the numerous relevant factors the court must consider is not determinative' (*Salvaggio v Western Regional Off-Track Betting Corp.*, 203 AD2d 938, 938-939), and '[t]he court is vested with broad discretion to grant or deny the application' (*Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965, 965).  Absent a 'clear abuse' of the court's broad discretion, 'the determination of an application for leave to serve a late notice of claim will not be disturbed' (*Matter of Hubbard v County of Madison*, 71 AD3d 1313, 1315 [internal quotation marks omitted])" (*Dalton v Akron Cent. Schs.*, 107 AD3d 1517, 1518; *see* Education Law § 3813 [2-a]).

Here, we conclude that the court properly weighed the relevant factors and did not abuse its discretion in granting the application. The record establishes that, in 2011, claimant, then a 16-year-old student at respondent West Seneca East Senior High School, participated in a wrestling tournament (tournament) held at respondent Starpoint High School.  The tournament involved wrestlers from many high schools, including respondent Iroquois Central High School, and one of the wrestlers from that high school had a highly contagious virus that claimant allegedly contracted during a wrestling match with that wrestler.

We agree with claimant that respondents had actual knowledge of the facts surrounding the claim within 90 days of its accrual.  In particular, we note that, approximately one week after the tournament, the Erie County Department of Health issued a health advisory to all school districts in Erie and Niagara Counties regarding the investigation of several cases of skin infection in high school wrestlers who had participated in the tournament and that, according to both the court and claimant's attorney, the incident received media coverage.  More importantly, another wrestler allegedly infected at the tournament served a timely notice of claim against respondents Starpoint Central School District, Starpoint Central School District Board of Education and Starpoint High School (collectively, Starpoint respondents), and respondents Iroquois Central School District, Iroquois Central School District Board of Education and Iroquois Central High School (collectively, Iroquois respondents), and he commenced a lawsuit following the filing of his notice of claim.

We further agree with claimant that respondents would not be substantially prejudiced if he were permitted to file a late notice of claim.  In our view, the opportunity to investigate provided by the health advisory, and the investigation that such advisory should have triggered, ameliorate the potential prejudice to the Starpoint and Iroquois respondents.  We also agree with claimant that, under the circumstances of this case, respondents West Seneca School District, West Seneca School District Board of Education and West Seneca East Senior High School (collectively, West Seneca respondents) failed to substantiate their assertions that they would be prejudiced if claimant were permitted to file a late notice of claim (*see Matter of Gilbert v Eden Cent. Sch. Dist.*, 306 AD2d 925, 926-927).

We reject the contention of the Starpoint respondents that the court should have exercised its discretion to deny the application because the claim is patently meritless.  At a minimum, there is a question of fact whether the Starpoint respondents exercised sufficient control over the tournament and whether that control created a duty to claimant upon which their legal responsibility could be based (*see Butler v Germantown Cent. Sch. Dist. Parent Teacher Student Assn.*, 101 AD3d 1415, 1417; *Garman v East Rochester Sch. Dist.*, 46 AD3d 1354, 1355; *Hochreiter v Diocese of Buffalo*, 309 AD2d 1216, 1217; *see also Basso v Miller*, 40 NY2d 233, 241-242; *cf. Farrell v Hochhauser*, 65 AD3d 663, 663-664).  Finally, contrary to the contentions of the Iroquois respondents and the West Seneca respondents, we conclude that claimant has a plausible theory of liability against them based on their alleged failure to supervise the wrestlers during the tournament (*see Hochreiter*, 309 AD2d at 1217).

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court