Fahey and Whalen, JJ.
(dissenting). We respectfully dissent. In our view, Supreme Court did not abuse its discretion in granting claimant’s application for leave to serve a late notice of claim upon respondents, and we therefore would affirm the order.
“A notice of claim must be served within 90 days after the claim accrues, although a court may grant leave extending that time, provided that the application therefor is made before the expiration of the statute of limitations period of one year and 90 days (see General Municipal Law § 50-e [1] [a]; [5]). The decision whether to grant such leave ‘compels consideration of all relevant facts and circumstances,’ including the ‘nonexhaustive list of factors’ in section 50-e (5) (Williams v Nassau County Med. Ctr., 6 NY3d 531, 539 [2006]). The three main factors are ‘whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality’ (Matter of Friend v Town of W. Seneca, 71 AD3d 1406, 1407 [2010]; see generally § 50-e [5]). ‘[T]he presence or absence of any one of the numerous relevant factors the court must consider is not determinative’ (Salvaggio v Western Regional Off-Track Betting Corp., 203 AD2d 938, 938-939 [1994]), and ‘[t]he court is vested with broad discretion to grant or deny the application’ (Wetzel Servs. Corp. v Town of Amherst, 207 AD2d 965, 965 [1994]). Absent a ‘clear abuse’ of the court’s broad discretion, ‘the determination of an application for leave to serve a late notice of claim will not be disturbed’ (Matter of Hubbard v County of Madison, 71 AD3d 1313, 1315 [2010] [internal quotation marks omitted])” (Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518 [2013]; see Education Law § 3813 [2-a]).
Here, we conclude that the court properly weighed the rele *1173 vant factors and did not abuse its discretion in granting the application. The record establishes that, in 2011, claimant, then a 16-year-old student at respondent West Seneca East Senior High School, participated in a wrestling tournament (tournament) held at respondent Starpoint High School. The tournament involved wrestlers from many high schools, including respondent Iroquois Central High School, and one of the wrestlers from that high school had a highly contagious virus that claimant allegedly contracted during a wrestling match with that wrestler.
We agree with claimant that respondents had actual knowledge of the facts surrounding the claim within 90 days of its accrual. In particular, we note that, approximately one week after the tournament, the Erie County Department of Health issued a health advisory to all school districts in Erie and Niagara Counties regarding the investigation of several cases of skin infection in high school wrestlers who had participated in the tournament and that, according to both the court and claimant’s attorney, the incident received media coverage. More importantly, another wrestler allegedly infected at the tournament served a timely notice of claim against respondents Starpoint Central School District, Starpoint Central School District Board of Education and Starpoint High School (collectively, Starpoint respondents), and respondents Iroquois Central School District, Iroquois Central School District Board of Education and Iroquois Central High School (collectively, Iroquois respondents), and he commenced a lawsuit following the filing of his notice of claim.
We further agree with claimant that respondents would not be substantially prejudiced if he were permitted to file a late notice of claim. In our view, the opportunity to investigate provided by the health advisory, and the investigation that such advisory should have triggered, ameliorate the potential prejudice to the Starpoint and Iroquois respondents. We also agree with claimant that, under the circumstances of this case, respondents West Seneca School District, West Seneca School District Board of Education and West Seneca East Senior High School (collectively, West Seneca respondents) failed to substantiate their assertions that they would be prejudiced if claimant were permitted to file a late notice of claim (see Matter of Gilbert v Eden Cent. School Dist., 306 AD2d 925, 926-927 [2003]).
We reject the contention of the Starpoint respondents that the court should have exercised its discretion to deny the application because the claim is patently meritless. At a minimum, there is a question of fact whether the Starpoint respondents *1174 exercised sufficient control over the tournament and whether that control created a duty to claimant upon which their legal responsibility could be based (see Butter v Germantown Cent. Sch. Dist. Parent Teacher Student Assn., 101 AD3d 1415, 1417 [2012]; Garman v East Rochester School Dist., 46 AD3d 1354, 1355 [2007]; Hochreiter v Diocese of Buffalo, 309 AD2d 1216, 1217 [2003]; see also Basso v Miller, 40 NY2d 233, 241-242 [1976]; cf. Farrell v Hochhauser, 65 AD3d 663, 663-664 [2009]). Finally, contrary to the contentions of the Iroquois respondents and the West Seneca respondents, we conclude that claimant has a plausible theory of liability against them based on their alleged failure to supervise the wrestlers during the tournament (see Hochreiter, 309 AD2d at 1217).
Present — Centra, J.R, Fahey, Lindley, Sconiers and Whalen, JJ.